IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ARDEN ROSEBERRY, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PRISONER TRANSPORT SERVICES; ) <br> THOR CATALOGNE *President*; SGT. ) <br> GOFF *Driver*; SGT. URBACH *Supervisor*, ) <br> Defendants. ) | Civil Action No. 15-247 <br> Chief Judge Joy Flowers Conti / <br> Chief Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the Prison Litigation Reform Act ("PLRA") and the Court's inherent power to control its docket,[1] the instant action be transferred to the United States District Court for the Western District of Kentucky because Plaintiff's claims concern events that took place at Daviess County, Kentucky, which is located within the territorial limits of the United States District Court for the Western District of Kentucky (the "Kentucky Western District").[2]

### II. REPORT

At the time of the filing of the Civil Rights Complaint, Christopher Arden Roseberry ("Plaintiff") was a prisoner incarcerated in the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill). Since that time, Plaintiff has been transferred to the State

---

[1] See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

[2] 28 U.S.C. § 97 (b) (establishing that Daviess County is located within the Kentucky Western District).

Correctional Institution at Albion ("SCI-Albion") which is located in Erie County, within the territorial jurisdiction of the United States District Court for the Western District of Pennsylvania. 28 U.S.C. §118. ECF No. 16.  The Complaint concerned a traffic accident that occurred in Daviess County, Kentucky, on April 11, 2014, while Plaintiff was being transported as a prisoner to be extradited to Pennsylvania.  While en route, the van in which Plaintiff was riding was struck by another vehicle.  Plaintiff alleges that he was denied medical treatment after the accident.  Plaintiff claims this denial of care constituted deliberate indifference in violation of the Eighth Amendment.

      **A. Venue is Proper in the Kentucky Western District**

Recently, Plaintiff submitted a letter to this Court that was docketed as "Notice Re Jurisdiction," ECF No. 22, wherein Plaintiff requests this Court to "determine if in fact it [i.e. this Court] has jurisdiction.   The incident that arose happened in the state of Kentucky while in route to Daviess County Detention Center and continue[d] to occur at Daviess County Detention Center . . . . So if this Honorable Court determines that it does not have jurisdiction over my claim, I'd like to request this Court transfer venue to the Owensboro, Kentucky Division" i.e., the Kentucky Western District Court.  Id.

We recommend that this action be transferred to the Kentucky Western District Court, because it is a more convenient forum regarding Plaintiff's claims, pursuant to 28 U.S.C. §1404(a).  Section 1404(a) expressly provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Kentucky Western District Court clearly would be a court where Plaintiff's claim might have been brought because that is where the accident at issue and alleged

denial of care occurred. None of the events giving rise to this case occurred here in the Western District of Pennsylvania.

Having considered all of the factors governing venue,[3] it is recommended that the Clerk should be ordered to transfer this action to the Kentucky Western District as venue for Plaintiff's claims is more proper there and the Kentucky Western District constitutes a judicial District "in which [the case] could have been brought" within the meaning of 28 U.S.C. § 1406(a). See, e.g., Robinson v. Town of Madison, 752 F.Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."). See also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); Davis v. Regan, 872 F.2d 1025 (Table), 1989 WL 40200, at *1 (6th Cir. 1989) (affirming sua sponte pre service dismissal on grounds of improper venue).

### III. CONCLUSION

For the reasons set forth herein, it is recommended that it is in the interests of justice to transfer this action to the United States District Court for the Western District of Kentucky.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

---

[3] See, e.g., Calkins v. Dollarland, Inc., 117 F.Supp.2d 421, 428 (D.N.J. 2000) (setting forth the factors to consider for transferring venue).

to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                            s/Maureen P. Kelly  
                                            MAUREEN P. KELLY  
                                            CHIEF UNITED STATES MAGISTRATE JUDGE

Dated:  September 4, 2015

cc:      The Honorable Joy Flowers Conti  
         Chief United States District Judge

         Christopher Arden Roseberry  
         LS-7505  
         SCI Albion  
         10745 Route 18  
         Albion, PA 16475