UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CHRISTOPHER ARDEN ROSEBERRY                                                      PLAINTIFF

v.                                                                   CIVIL ACTION NO. 4:15-CV-P126-JHM

PRISONER TRANSP. SERVS. *et al.*                                           DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Christopher Arden Roseberry, a prisoner proceeding *in forma pauperis*, originally filed his *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1) in the Western District of Pennsylvania. By Order entered September 28, 2015, that Court transferred his action to the Western District of Kentucky. Thereafter, Plaintiff was ordered to submit his complaint on a Court-supplied form. Plaintiff complied and filed his action on this Court's form (DN 36). This matter is now before the Court for initial review of the complaint (DN 36) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

**I. SUMMARY OF CLAIMS**

Plaintiff identifies the following four Defendants in this action: (1) Prisoner Transport Services; (2) Thor Catalogne, President of Prisoner Transport Services; (3) Sgt. Dustin Urbach, a Supervisor for Prisoner Transport Services; and (4) Sgt. Goff, a Driver for Prisoner Transport Services.

Plaintiff states that on or about April 11, 2014, he was picked up from his place of incarceration in Jacksonville, North Carolina, by Prisoner Transport Services. He states that he was being extradited back to Crawford County, Pennsylvania. According to Plaintiff, while in

Kentucky on the way to Pennsylvania, the vehicle in which he was riding was struck by another vehicle. Plaintiff represents that there were nine inmates in the van at the time of the accident. Plaintiff states that he was not wearing a seat belt and was in handcuffs, shackles, and chains, so when the vehicle was struck, he was thrown "around a bit." Plaintiff contends that he had "swelling and a bruise on [his] left shoulder from slamming into the cage."

Plaintiff states that "[w]hile waiting for the Kentucky Highway Patrol we were asked by [Defendant] Urbach if we were ok . . . . There were 9 of us in the van we all stated we'd like to be seen." However, according to Plaintiff, Defendant Urbach informed the inmates that "if [they] weren't unconscious or bleedy that [they would] be fine, and [they] could suck his [expletive] if [they] thought [they] were gonna screw him out of his 72 hours off." Plaintiff states that after Defendant Urbach "talked to his shift Commander . . . it was setup for us all to be seen by the medical staff at Daviess County Detention Center, Kentucky." Plaintiff states that he and the other inmates in the van were brought to the Daviess County Detention Center where they were booked and "moved to a dormitory style pod where [they] were given mattresses to sleep on the floor." Plaintiff states they were housed under those conditions for five days.

According to Plaintiff, he requested "to be seen by medical staff and was denied each time." After five days, Plaintiff states that he was picked back up by Defendants Goff and Urbach and transported to Pennsylvania "where upon reception [he] was seen by medical staff, and [his] shoulder was examined." According to Plaintiff, "the whole time [he] was in the custody of Prisoner Transport Services [he] was denied medical treatment."

Plaintiff alleges that Defendants violated his "Constitutional Rights." Specifically, he alleges that Defendants were deliberately indifferent to his medical needs and that their treatment

of him was inhumane. He seeks monetary damages, punitive damages, and "Filing Fee and associated Court Costs."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.[1] Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat.*

---

[1] In the present case the Court need not determine whether or not Plaintiff may bring a § 1983 action against a private prisoner transportation corporation or its employees for allegedly unconstitutional actions taken against him because Plaintiff has not alleged facts stating any actionable § 1983 claim.

3

*Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff contends that he was subjected to deliberate indifference to his medical needs and inhumane treatment.[2] Plaintiff's allegations most appropriately fit under the Eighth

---

[2] Since Plaintiff did not sue any officials at the Daviess County Detention Center, the Court construes his allegation regarding "inhumane treatment" to be based on the alleged lack of medical care he received rather than the sleeping conditions he allegedly encountered during his five days at the Daviess County Detention Center. However, even if Plaintiff's complaint were construed to raise an issue about sleeping on the floor on a mattress for five days, such a claim fails to state a sufficiently grave deprivation of a basic human need to state an Eighth Amendment violation. *See, e.g.*, *Grissom v. Davis*, 55 F. App'x 756, 757 (6th Cir. 2003) (holding that an allegation of a seven-day deprivation of a mattress, sheets, and a blanket failed to state an Eighth Amendment claim); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (allegations of overcrowded cells and denials of daily showers and out-of-cell exercise do not rise to constitutional magnitude, where a prisoner is subjected to the purportedly wrongful conditions for six days one year and ten days the next year); *Metcalf v. Veita*, No. 97–1691, 1998 WL 476254, at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash

Amendment which prohibits prison officials from deliberate indifference to an inmate's serious medical need since such indifference constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106.

An Eighth Amendment claim consists of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the medical need be sufficiently serious. *Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). This component is contextually driven and is responsive to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component requires that the official's conduct be deliberately indifferent to Plaintiff's needs. *Farmer v. Brennan*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Hunt v. Reynolds*, 974 F.2d at 735. Deliberate indifference is a "state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 835.

Turning to the first component of an Eighth Amendment claim, serious medical need, a medical need is sufficiently serious if it is "one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (emphasis in original) (citations omitted). Where the claimed injury is minor or

---

removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven-day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies).

nonobvious, "the seriousness of a prisoner's medical needs may also be decided by the effect of a delay in treatment." *Id.* (emphases and internal quotation marks omitted). Verifying medical evidence is required in those cases to "assess whether the delay caused a serious medical injury." *Id.* at 898.

Allegations like those Plaintiff makes in this case, that he had swelling and a bruise on his left shoulder, simply do not rise to the level of an objectively serious medical need. *See Lockett v. Suardini*, 526 F.3d 866, 876-77 (6th Cir. 2008) (finding plaintiff's claims of minor lacerations and soreness in two of his fingers was not a serious medical need); *Nickens v. Anderson*, 56 F. App'x 244, 245 (6th Cir. 2003) (finding that a three-day delay in treatment for lead lodged in plaintiff's hand did not state an Eighth Amendment violation); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (finding that plaintiff's condition of having a cut over one eye, a quarter-inch piece of glass embedded in his palm, and bruises on his shoulders and elbows did not amount to a serious medical need); *Stoutamire v. Adkins*, No. 1:11-cv-242, 2013 WL 991897, at *8 (S.D. Ohio Mar. 13, 2013) (finding that a one-inch bump on plaintiff's forehead unaccompanied by any complaints of pain or other symptoms was not a serious medical need); *Jennings v. Al-Dabagh*, 275 F. Supp. 2d 863, 870 (E.D. Mich. 2003), *aff'd*, 97 F. App'x 548 (6th Cir. 2004) (finding that a delay in treating plaintiff's toenail fungal infection did not amount to the deprivation of treatment for a serious medical need since plaintiff suffered only minor discomfort from the delay).

In the present case, Plaintiff merely alleges that he had some swelling and a bruise on his left shoulder. He does not state that he was in pain or that the alleged lack of medical treatment resulted in him suffering pain. Plaintiff does not allege any further injury or consequence from

Defendants' alleged failure to provide him medical treatment. Plaintiff states that he was seen by medical staff when he arrived in Pennsylvania, but does not state they recommended any course of treatment or even regarded him as having any diagnosable injury. "[T]he failure to call doctors whenever a prisoner suffers minor scrapes and bruises does not violate the Constitution. Further, if the officials are aware only of minor symptoms, like swelling, the plaintiff is not entitled to relief." *Cirilla v. Kankakee Cty. Jail*, 438 F. Supp. 2d 937, 946 (C.D. Ill. 2006) (citations omitted). Plaintiff's alleged bruising and swelling do not rise to the level of a serious medical need. Thus, Plaintiff has failed to state an Eighth Amendment claim; and this action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

      There is an additional reason that this action must be dismissed. Pursuant to the Prison Litigation Reform Act [PLRA], 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." "Although § 1997e(e) does not define 'physical injury,' the developing case law in this area reflects the view that, consistent with Eighth Amendment jurisprudence, the predicate injury need not be significant, but must be more than *de minimis*." *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002). Thus, without the showing of something more than a *de minimis* physical injury associated with his claim, Plaintiff's action fails. *See Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005) (finding that swelling, pain, and cramps which produced no medical findings was "nothing more than a *de minimis* injury for purposes of § 1997e(e)"); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that plaintiff's claim that he

was uncomfortable after being sprayed with pepper spray was precluded by 42 U.S.C. § 1997e(e) since he failed to show more than a *de minimis* injury); *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (affirming the district court's grant of summary judgment in favor of defendant since plaintiff failed to allege any physical injury arising out of the strip searches about which he complained); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir. 2001) (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching" since plaintiff "suffered at most only de minimis physical injury"); *Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000) (alleged humiliation and embarrassment suffered by inmate seen naked and laughed at by female corrections officers failed to satisfy physical-injury requirement); *Pryor v. Cox*, No. 97-3912, 1999 WL 1253040, at *1 (6th Cir. Dec. 13, 1999) (finding plaintiff's claim of being subjected to bad food, unsanitary conditions, and excessive heat without also claiming he had suffered any physical injury as a result of these conditions was meritless); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (finding that a bruised ear was a *de minimis* injury that failed to support a claim for emotional or mental suffering).

In the present case, Plaintiff does not state that he incurred any physical injury from Defendants' alleged deliberate indifference to his medical need; thus it appears that he is seeking damages for some sort of emotional or mental injury which would be precluded by 42 U.S.C. § 1997e(e). Even if the Court were to consider the alleged swelling and bruising on his left shoulder to be an injury sustained resulting from action on the part of Defendants, such an injury would be *de minimis* and precluded by 42 U.S.C. § 1997e(e).

For the above reasons, the Court will enter a separate Order dismissing this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 42 U.S.C. § 1997e(e) since Plaintiff failed to allege a physical injury.

Date: January 26, 2016

                                        **Joseph H. McKinley, Jr., Chief Judge**
                                            **United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.003